Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00040-CR

The **STATE** of Texas,
Appellant

v.

Gilbert **DUARTE**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR9897
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2011

REVERSED AND REMANDED

The State of Texas appeals from the trial court's order granting Gilbert Duarte's motion

to suppress. We reverse the trial court's order and remand the matter for further proceedings.

## BACKGROUND

Duarte was charged in a two-count indictment with possession of more than four grams

but less than two hundred grams of cocaine. Both counts alleged the same date of offense,

September 28, 2008, but the second count contains a deadly weapon allegation. Duarte filed a

motion to suppress, alleging that the search warrant authorizing the search of his premises was defective because the affidavit was not supported by probable cause. At the hearing on the motion, Duarte argued that the affidavit was deficient because the affiant police officer relied upon information provided by a first-time informant who was providing information in exchange for a promise of leniency, and the affiant did not conduct any investigation to confirm or corroborate the information provided by the informant. After hearing testimony from one witness and arguments from counsel, the trial court granted the motion to suppress.

The trial court entered findings of fact and conclusions of law. In the findings, the trial court refers to this court's opinion in *Pardo v. State*, Nos. 04-08-00628-CR, 04-08-00629-CR, 2009 WL 1706760 (Tex. App.—San Antonio June 17, 2009, pet. ref'd) (mem. op., not designated for publication), and notes that the language in the search warrant affidavit before the court did not contain corroboration of the informant's information as occurred in *Pardo*. The trial court concluded that "[b]ecause there was not given in [affiant's] affidavit the *additional* verifying information that was given in the *Pardo* case, this court finds the affidavit in support of the search warrant did not contain sufficient information to support the magistrate's finding of probable cause." The State gave timely notice of appeal.

### APPLICABLE LAW

When reviewing a trial court's decision on a motion to suppress, we normally use a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We defer to the trial court's determination of historical fact or questions of mixed fact and law when they involve credibility determinations. *Id.* But, we review *de novo* the application of law to the facts, or mixed questions that do not turn on the determination of credibility. *Id.* However, as to search warrants, "[b]oth appellate courts and trial courts alike must give great deference to a

magistrate's implicit finding of probable cause." *State v. McLain*, 337 S.W.3d 268, 271-72 (Tex. Crim. App. 2011). When reviewing a magistrate's determination, we "should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Id.* at 271 (*quoting Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). A search warrant is supported by probable cause when the facts set out within the "four corners" of the affidavit are "sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued." *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006).

### DISCUSSION

The affidavit in controversy states in pertinent part:

> That he has a good reason to believe and does believe that a certain place in Bexar County, Texas described as a two story wood frame house, located at and known as and numbered as 10910 Indigo Creek, and any and all garages, outhouses, edifices, structures, openings, and enclosures thereto attached;
>
> In the City of San Antonio, Bexar County, Texas and being the premises under the control and in charge of Gilbert Duarte 08-17-87 is a place where a controlled substance, to wit: Cocaine is unlawfully possessed in violation of the Texas Health and Safety Code, and that such belief of the affiant is founded upon the following information: Affiant has been a San Antonio Police officer for over fourteen years. During my tenure I have conducted narcotic investigations for 4 years and 9 months. Affiant did on the 28th day of September, 2008, receive information from a credible individual who is currently facing pending criminal charges and provided the information with the expectation that his/her cooperation with law enforcement would, if proven valid, be called to the attention of authorities, for the possible dismissal of charges, or a favorable plea bargain sentence.
>
> Law enforcement officers other than what has been stated have not promised the cooperating individual anything in exchange for his/her information. I believe that in this instance it adds to the credibility of the individual, because he/she will not benefit if his/her information does not prove valid.
>
> I explained to the cooperating individual that it jeopardizes his/her opportunity for leniency if law enforcement believes or discovers that

he/she has provided incorrect information in a bad faith attempt to obtain leniency. The credible individual's statement to me that the information is true enhances the probability that the information is correct.

I also explained to the credible individual Texas Penal Code Statue 37.08, False reports to peace officer. Describing the possible criminal penalties for giving false information to law enforcement.[sic] The credible individual said he/she understood, and continued to maintain that the information is correct.

I know that this credible individual is familiar with various controlled substances, to include cocaine, and he/she knows how cocaine looks and smells, and how it is packaged, sold and used. The credible individual has demonstrated his/her knowledge to me in conversation and this knowledge is consistent with my own experience and knowledge regarding this type of controlled substance.

The credible individual stated that he/she had observed Gilbert Duarte 08-17-87 in possession of cocaine within the past twenty four hours at 10919 Indigo Creek. I conducted computer research on the premises where I was able to confirm that Gilbert Duarte 08-17-87 does indeed reside at 10919 Indigo Creek. Gilbert Duarte 08-17-87 has given that address as his residence on a traffic ticket that he received on 05-03-08.

Based on the information, affiant asks that a warrant be issued to search the above-described premises for to wit: cocaine, which is unlawfully possessed by the aforesaid Gilbert Duarte 08-17-87 at the above-described premises. And to arrest the of the [sic] above described person and any other parties found on said premises or making their escape therefrom, where said parties are found to be in possession of the above described controlled substance or any other controlled substance in violation of the Texas Health and Safety Code.

As noted by the trial court, the language in the affidavit nearly mirrors the affidavit reviewed by this court in *Pardo*. *See* 2009 WL 1706760, at *2. However, Duarte contends there is a crucial difference because in *Pardo* the affiant conducted an independent investigation to verify information received from the first-time informant. There, the informant identified a photograph of Pardo and described to the affiant the vehicle allegedly used by Pardo to sell drugs. The affiant asserted the SAPD database indicated Pardo was on probation for possession of drugs, and "surveillance" established that "numerous vehicles were seen arriving at the location and then leaving a short time later, this being consistent with drug transactions." *Id.* Duarte argues

that such corroboration of the informant's information is lacking here, as the affiant merely confirmed that Duarte lived at the address indicated by the informant. The trial court apparently agreed with Duarte, because it found significant the affiant's failure to corroborate the informant's information in any other manner. However, the proper standard of review is not to determine whether all the information that could have been put into an affidavit was actually in the affidavit. Rather, the reviewing court defers to the magistrate's determination, allows all reasonable and commonsense inferences, and decides whether the magistrate's conclusion is supported by the assertions in the affidavit. *Rodriguez*, 232 S.W.3d at 64.

Duarte's main attack on the affidavit is that it fails to demonstrate the informant's past reliability. However, the issue is not whether the informant has been reliable in the past, but viewing the affidavit as a whole, is there a "substantial basis" for the magistrate's conclusion there was a "fair probability" cocaine would be found at the premises to be searched *See id.*

Although this case presents a close issue, "[w]hen in doubt, we defer to all reasonable inferences that the magistrate could have made." *McLain*, 337 S.W.3d at 271-72. Even though the affiant relied upon information provided by a first-time informant, it was reasonable for the magistrate to conclude the informant's credibility was demonstrated by the statements in the affidavit that the informant would benefit only if the information was correct. Furthermore, the affiant expressly stated he told the informant that false information would jeopardize the informant's ability to have a favorable plea bargain or the pending charges dismissed. It was reasonable for the magistrate to infer the informant realized it was in the informant's best interest to present only truthful information. The "reliability" of the information (how did the informant know the substance was cocaine) is shown by the affiant's assertions that the informant demonstrated his knowledge to the officer/affiant, the affiant stated he had over four years

experience in the investigation of narcotics, and the fact the informant saw the cocaine at the premises within the past twenty-four hours. Although it may have been preferable for the affiant to have conducted surveillance or other investigative techniques to provide additional information to support the informant's reliability and credibility, we cannot say that such support is lacking in the affidavit to the extent that there is not a substantial basis to support the magistrate's decision. The Texas Court of Criminal Appeals has stated:

> Since the Fourth Amendment strongly prefers searches to be conducted pursuant to search warrants, the United States Supreme Court has provided incentives for law-enforcement officials to obtain warrants instead of conducting warrantless searches. One incentive is a less-strict standard for reviewing the propriety of a search conducted pursuant to a warrant. In this situation, courts must give great deference to the magistrate's probable-cause determination. Both appellate courts and trial courts alike must give great deference to a magistrate's implicit finding of probable cause.

*McLain*, 337 S.W.3d at 271-72 (footnotes and citations omitted). Giving "great deference" to the magistrate's determination of probable cause, we reverse the trial court's order, and remand this cause to the trial court for further proceedings.

Steven C. Hilbig, Justice

DO NOT PUBLISH