NO. 07-11-00363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2012

_____

JERRY LEE SALAS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 6083; HONORABLE KELLY G. MOORE, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Jerry Lee Salas, appeals his conviction for possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams with intent to deliver and resulting sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 30 years.[1] Through a single issue, appellant contends that the trial court erred in denying his motion to suppress the evidence seized during the execution of a search warrant on his residence. We affirm.

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2010).

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support his conviction; therefore, only those facts necessary for our consideration of the issue before us will be recited.

On June 9, 2010, a magistrate in Terry County, Texas, signed a search warrant authorizing the search of appellant's residence in Brownfield, Texas. When the search warrant was executed, an amount of suspected methamphetamine was found. Appellant was indicted for possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. Appellant filed a motion to suppress the evidence seized pursuant to the search warrant. After conducting a hearing on the suppression motion, the trial court overruled the motion. The State later amended the indictment to allege that the possession was with the intent to deliver the methamphetamine.

On August 31, 2010, appellant entered a plea of guilty to the amended indictment and a plea of true to two prior felony enhancement paragraphs. Appellant's pleas were without benefit of a plea bargain. After conducting a sentencing hearing on September 9, 2011, the trial court sentenced appellant to serve 30 years in the ID-TDCJ. Appellant appeals, contending that the affidavit filed in support of the search warrant did not contain enough information for the magistrate to have determined that there was probable cause to issue the search warrant.[2] We disagree and will affirm.

---

[2] The State did not favor the Court with a brief replying to appellant's argument.

## Standard of Review

When a trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit. See State v. McLain, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011). We are thus instructed to review the magistrate's decision to issue the search warrant with a high degree of deference. Id. This degree of deference is due to the constitutional preference for searches conducted pursuant to a search warrant rather than a warrantless search. Id. The facts alleged in the affidavit filed in support of the issuance of a search warrant must be sufficient to justify the conclusion that the object of the search is probably to be found on the premises to be searched. See State v. Duarte, No. PD-1511-11, 2012 Tex. Crim. App. LEXIS 1180, at *9 (Tex.Crim.App. Sept. 12, 2012) (citing Ilinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). This determination is to be made from a totality of the circumstances. See id.

We are further instructed to review the affidavit realistically with common sense. See id. at *11. This is but another way of saying that we are not to view the affidavit in a hyper-technical manner. See McLain, 337 S.W.3d at 271. Additionally, we are instructed that we must recognize that the magistrate is allowed to make reasonable inferences from the information furnished in the affidavit. See id. When in doubt about a magistrate's inference, we defer to all reasonable inferences the magistrate may have made. Id.

Analysis

Appellant's issue on appeal contends that the affidavit filed in support of the issuance of a search warrant failed to reach the legal threshold of probable cause. Appellant contends that this is so because the affidavit relies upon information provided by a confidential informant who had no history of providing information to law enforcement and was not shown within the four corners of the affidavit to be reliable.

We begin our analysis with a recitation of the salient facts set forth in the affidavit. The affidavit describes the place to be searched by municipal address and physical description. Further, the affidavit states that a vehicle known to be driven by appellant will be found at the property. The affidavit goes on to describe the items to be searched for as methamphetamine. It then states that, within 72 hours of the filing of the affidavit, appellant was seen in possession of methamphetamine. All of this, according to the affidavit, is supported by the probable cause set forth in paragraph 5 of the affidavit. Paragraph 5 sets out the following information:

1. Affiant is identified as Tye Langehening, a city of Brownfield police officer with over 10 years experience in law enforcement. Affiant described his training in the area of narcotics and that during his tenure in law enforcement he has participated in several narcotics investigations;

2. Affiant averred that he received information within the previous week that appellant was selling methamphetamine at the residence, and, further, this information was similar to information the affiant had received in the month previous about appellant's activities at his other residence;

3. Affiant stated that he had observed known drug users at both residences occupied by appellant;

4. Based upon surveillance activity and information received, affiant initiated a traffic stop on a vehicle seen leaving the residence to be searched. As a result of this traffic stop, a package of methamphetamine

4

and a meth pipe were seized. The person stopped informed affiant that they had just purchased the methamphetamine from appellant. Further, the person stopped gave information about the location of the methamphetamine in the residence to be searched;

5. In addition to affiant receiving information about appellant's sale of methamphetamine, the Police Chief and several other officers on the Brownfield Police Department had received similar information about appellant's activities;

6. Through surveillance activity, the Brownfield Police Department observed known drug users coming and going from the residence to be searched. Further, the traffic pattern at the residence was indicative of drug transactions;

7. Appellant had a previous record of assaulting a public servant, resisting arrest, evading arrest, and possession of a controlled substance listed in penalty group 1.

It is from this information that we must review the magistrate's determination that there was probable cause to issue a search warrant.

We begin by noting that we review the totality of the circumstances set forth in the affidavit to determine whether there is probable cause. Duarte, 2012 Tex. Crim. App. LEXIS 1180, at *9. Also, we are mindful that the magistrate may make reasonable inferences from the facts stated in the affidavit. See McLain, 337 S.W.3d at 271. We are reviewing an affidavit based upon hearsay information provided by a first time informant. Accordingly, our inquiry is, does this affidavit provide enough corroboration for us to credit what the informant has told the affiant. See Duarte, 2012 Tex. Crim. App. LEXIS 1180, at *11-12.

We believe that the total facts surrounding the confidential informant's hearsay information support the conclusion that there was a probability that methamphetamine would be found at the residence of appellant. In arriving at this conclusion, we observe

that appellant had been the subject of several different incidents of reported trafficking in methamphetamine. As a result of these reports, appellant's residences had been placed under surveillance. During the surveillance of appellant's residences, known drug users were observed coming and going from each residence. As to the residence where the methamphetamine was found, surveillance shortly before the stop of the confidential informant revealed known drug users coming and going from the residence in a pattern indicative of the sale of drugs. These observations, by the affiant and other members of the Brownfield Police Department, corroborate the information provided by the confidential informant. Appellant's previous arrest for possession of controlled substances also lends corroboration to the statements of the confidential informant. We, like the magistrate, can infer from this information that there is a fair probability that appellant was in possession of methamphetamine at the time the affidavit was signed. See Duarte, 2012 Tex. Crim. App. LEXIS 1180, at *9.

Appellant takes the affidavit to task for all of the things that are not shown in the affidavit, specifically, regarding the reliability of the informant. However, such criticism ignores all of the surrounding facts recited above. Further, we review the affidavit for what information it contains, not for the information that it could have contained. See Rodriguez v. State, 232 S.W.3d 55, 62 (Tex.Crim.App. 2007). When the decision of the magistrate to issue a search warrant based on the information contained in the affidavit, and the reasonable inferences from that information, is given proper deferential treatment, we find that there was probable cause to issue the search warrant. Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.