**Reversed and Remanded; Opinion Filed June 13, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-12-00529-CR

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**KAWANNA THAPA, Appellee**

---

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F10-50956-K**

---

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Kawanna Thapa was charged with possession with intent to deliver more than four grams but less than 200 grams of cocaine. The trial court granted Thapa's motion to suppress evidence, which asserted the search warrant affidavit did not contain sufficient facts for the magistrate to have found probable cause for issuing the warrant. The State appeals the trial court's order. The background of the case and the evidence adduced at the hearing are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's order and remand the case for further proceedings.

A magistrate may not issue a search warrant without first finding probable cause that a particular item will be found in a particular location. Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location. It is a flexible and non-demanding standard. The facts stated in a search affidavit "must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified." *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011).

Normally motions to suppress are reviewed using a bifurcated standard, deferring to findings of historical facts and reviewing de novo the application of law. *See id.* at 271. However, when the trial court determines probable cause to support the issuance of a search warrant, it does not make a credibility determination; it is constrained to the four corners of the affidavit. *Id.* Thus, we review the trial court's ruling on the motion to suppress de novo and apply the same standard as required of the trial court. When reviewing the magistrate's decision to issue a warrant, "we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Id.* We do not analyze the affidavit in a hyper-technical manner. We interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination. *McLain*, 337 S.W.3d at 271.

The search warrant was issued on January 6, 2010 supported by the affidavit of Emmitt Jackson signed the same day. After describing the location to be searched and charging two

described suspects with possession of cocaine on October 26, 2009 and on January 4, 2010, Jackson stated in the affidavit:

> 5.      Affiant has probable cause for said belief by reason of the following facts: Affiant, Emmitt R. Jackson, #8321, is employed by the City of Dallas Police Department and is currently assigned to the Narcotics Division.
>
> On January 04th, 2010, I, the Affiant received information from a reliable confidential informant who has been at the above described place and premises and observed the Suspect(s) described in paragraph #3 in possession of and selling cocaine. At the direction of the Affiant, the confidential and reliable informant purchased cocaine from the above listed suspect(s). The cocaine that was purchased was field tested by Detective E. Jackson #8321 in the presence of Sgt. J. Kaiser #4542 and had a positive result for the presence of cocaine.
>
> On October 26th, 2009, I, the Affiant received information from a reliable informant who has been at the above described place and premises and observed the Suspect(s) described in paragraph #3 in possession of and selling cocaine. At the direction of the Affiant, the confidential and reliable informant purchased cocaine from the above listed suspect(s). The confidential and reliable informant is familiar with the controlled substance cocaine in its various forms and appearances. The confidential and reliable informant has supplied information in the past to the Affiant and other Dallas Narcotics Detectives regarding state narcotics trafficking violations and this information has proven true, reliable, and correct. The informant was searched prior to and after the purchase by the Affiant. The cocaine that was purchased on October 26th, 2009, was field tested by Detective E. Jackson #8321 in the presence of Sgt. M. Maness #6232 with a positive result for the presence of cocaine.

Thapa argues the paragraph about January 4, 2010 does not indicate when the informant was inside the property or that the informant was reliable and was searched before and after the controlled drug buy.

Courts review warrant affidavits as a whole, not just isolated sentences. *McLain*, 337 S.W.3d at 273. But even looking at the portion of the affidavit cited by Thapa, the information provided supports a reasonable inference that the events described occurred on January 4, 2010. The affidavit states that on January 4, 2010, Jackson received information from an informant that cocaine was being sold at the apartment. The next sentence states "*At the direction of the Affiant*," the informant purchased from the suspects a substance that Jackson field-tested

–3–

positively as cocaine. The magistrate could reasonably infer that the drug purchase was on the same day Jackson received the information from the informant.

Further, the remainder of the affidavit supports reasonable inferences about the reliability of the informant and controlled-buy procedures used. Jackson refers to the informant in the singular throughout the affidavit. In the second part of paragraph five, Jackson states the informant is familiar with cocaine, has supplied true information in the past, and had been searched before and after the purchase. Jackson details another recent drug purchase on October 26, 2009. And Jackson personally verified the information provided by the informant by field testing the substances purchased on both occasions, before two different officers.

Thapa argues that the affidavit does not state that the same informant was involved in both transactions and there is no information about the reliability of the informant involved with the January 4, 2010 incident. However, the affidavit as a whole supports a reasonable inference that the same informant was involved. Because the magistrate could have reasonably inferred the same informant was involved in both transactions, the trial court should have deferred to the magistrate's determination. *See McLain*, 337 S.W.3d at 273.

Thapa contends that the information provided by the October 26, 2009 controlled buy is too stale to support the January 6, 2010 warrant. We disagree. The magistrate could reasonably conclude from the affidavit that over a period of sixty days, Jackson had tested substances purchased from the suspects at the property and obtained positive results for cocaine. "If twenty-three months could elapse before securing a warrant for the residential drug operation in *Greene* without causing the information to become stale, it seems unlikely that a gap of ten months should pose a staleness problem in the present case." *Jones v. State*, 364 S.W.3d 854, 862 (Tex.

Crim. App.), *cert. denied*, 133 S. Ct. 370 (2012). A gap of sixty days is insufficient to render the information stale in this case.

Based on the entire affidavit, the magistrate could reasonably have inferred that the same reliable informant twice purchased cocaine from the suspects at the premises within the last sixty days. Considering the totality of the circumstances presented by the entire affidavit, we conclude the magistrate had a substantial basis for concluding that probable cause existed. *See Jones*, 364 S.W.3d at 862–63 (magistrate could infer from affidavit that controlled drug buy had occurred more recently than ten months before warrant affidavit). Accordingly, the trial court erred by granting Thapa's motion to suppress. We sustain the State's sole issue.

We reverse the trial court's order granting the motion to suppress and remand this case for further proceedings.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
120529F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-12-00529-CR     V.

KAWANNA THAPA, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F10-50956-K.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the trial court's order granting the motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 13th day of June, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE