**AFFIRMED; and Opinion Filed January 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00072-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**LAWRENCE CLARK SANDLIN, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82012-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

The State of Texas appeals the trial court's decision to grant appellee Lawrence Clark Sandlin's motion to suppress. In a single issue, the State contends that the mandatory blood draw provision of Section 724.012(b) of the Texas Transportation Code is lawful because it authorizes irrevocable consent in narrow circumstances. Finding no merit in the State's argument, we affirm the trial court's order granting the motion to suppress.

### BACKGROUND

On the evening of June 30, 2012, police officer Roger Smith noticed that a white Mini Cooper began drifting out its lane and making unsafe lane changes. Officer Smith stopped the car and noticed that Sandlin, the driver, had his eight-year old daughter in the car with him. Sandlin admitted he had been consuming alcohol. Officer Smith conducted a breath test which indicated the presence of alcohol in Sandlin's system. Officer Smith also performed the field

sobriety tests on Sandlin which also indicated that he had been driving while intoxicated. Sandlin was then arrested for driving while intoxicated with a passenger under fifteen years of age. After taking him to the jail, Officer Smith requested that Sandlin provide a breath and blood specimen and Sandlin refused. Officer Smith then informed Sandlin that pursuant to the Texas Transportation Code, it was mandatory that Sandlin provide a sample. *See* TEX. TRANSP. CODE ANN. § 724.012(b) (West 2011). A nurse then took a blood specimen from Sandlin at the jail.

Sandlin was indicted for the felony offense of DWI with a child passenger. Sandlin filed a motion to suppress alleging that the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights under the United States Constitution. The trial court granted the motion to suppress and the State filed this appeal. While this appeal was pending, the court of criminal appeals issued its opinion in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), addressing involuntary blood draws taken under the authority of the Texas Transportation Code.

## ANALYSIS

In a single issue, the State claims that the trial court erred by granting Sandlin's motion to suppress. The State argues that the blood draw was lawful because the statutory scheme establishes prospective, but irrevocable, consent in certain narrow circumstances. We disagree.

We apply a bifurcated standard of review of a trial court's ruling on a motion to suppress by giving almost total deference to the trial court's determinations of fact and reviewing *de novo* the trial court's application of law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

The Texas Court of Criminal Appeals recently addressed whether a warrantless, nonconsensual testing of a DWI suspect's blood violates the suspect's Fourth Amendment rights. *Villarreal*, 2014 WL 6734178. In *Villarreal*, the suspect was stopped for a traffic violation. *Id.*

at *1. As the suspect exhibited signs of intoxication, a DWI investigation was conducted. *Id.* The suspect refused to perform standardized field sobriety tests and refused to provide a blood specimen. *Id.* After the officer discovered that the suspect had been convicted of DWI on several occasions, the suspect's blood was drawn over his objection based on section 724.012(b) of the Texas Transportation Code. *Id.* at *2. The suspect then moved to suppress the blood test results and the trial court granted the motion. *Id.* On review to the court of criminal appeals, the State argued that the court of appeals erred in holding that a warrantless blood draw conducted pursuant to the provisions of the transportation code violates the Fourth Amendment. *Id.* at *6. The court of criminal appeals rejected the State's contention that the implied-consent and mandatory blood draw provisions established a constitutionally valid basis for conducting a nonconsensual search in the absence of a search warrant. *Id.*

In this case, the State argues that Sandlin gave implied consent to provide a breath or blood specimen which was irrevocable under section 724.012(b) of Texas Transportation Code because he had a child passenger in the vehicle with him. In *Villarreal*, however, the Texas Court of Criminal Appeals specifically rejected this argument:

> To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search. In other words, implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires.

*Id.* at *11 (internal citations omitted); *Lloyd v. State*, No. 05-13-01004-CV, 2014 WL 7249747, at *3 (Tex. App.—Dallas Dec. 22, 2014, no pet. h.). The record in this instance clearly demonstrates that the appellee refused consent. Accordingly, we reject this argument.

**CONCLUSION**

We resolve the State's issue against it and affirm the trial court's order granting the motion to suppress.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140072F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00072-CR      V.

LAWRENCE CLARK SANDLIN, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-82012-2012.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the order of the trial court granting the motion to suppress is **AFFIRMED**.

Judgment entered this 22nd day of January, 2015.