

# NUMBER 13-17-00399-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DANIEL RAY ALLISON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 258th District Court of Polk County, Texas.

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Daniel Ray Allison was convicted of possession of less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2017 1st C.S.). He appeals the trial court's denial of his motion to suppress. By one issue, appellant contends that the trial court erred in

denying his motion because probable cause was not shown prior to issuance of the search warrant.   We affirm.

## I.   BACKGROUND[1]

On July 22, 2015, Anthony Lowrie, a lieutenant employed by the Polk County sheriff's office, visited a property in Yaupon Cove in response to Crime Stoppers tips regarding heavy foot traffic in the area.   There, Lowrie found Clinten Zane Loving on the property near a small motor home and discovered that he had a large quantity of methamphetamine on his person.   Another resident of the property, Lauren Boyd, confirmed that there was methamphetamine on the property, although she did not know where.   Loving refused to give consent to Lowrie to search the property, and Lowrie sought a search warrant for both motor homes on the property.

Relying on an affidavit by Lowrie, Judge David Johnson granted the search warrant for both the larger motor home and the smaller motor home to its left.   Lowrie's affidavit referenced the smaller motor home only twice:   once in reference to where Loving was found, and the other in his request to search the smaller motor home.   Following its issuance, the search warrant was executed, and both the small motor home and the larger motor home on the property were searched.   Methamphetamine and appellant's belongings were found in the smaller motor home.

Appellant was charged with possession of less than one gram of methamphetamine, a state jail felony.   *See* TEX. HEALTH & SAFETY CODE ANN.

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

§ 481.115(b). He filed a motion to suppress the evidence seized during execution of the search warrant. A hearing was held, and the trial court denied the motion. Appellant then pled *nolo contendere* pursuant to a plea agreement, and the trial court found him guilty and sentenced him to two years' confinement in state jail. Pursuant to the plea agreement, appellant's right to appeal the denial of his motion to suppress was certified. This appeal followed.

## II. DISCUSSION

In a single issue, appellant argues that probable cause was insufficient to issue a search warrant for the smaller mobile home.

## A. Standard of Review and Applicable Law

Under the U.S. and Texas Constitutions, a magistrate may not issue a search warrant without first finding probable cause that a particular item will be found in a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). Probable cause exists when the facts submitted to a magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986) (en banc). In reviewing a decision to issue a search warrant, we apply a highly deferential standard. *Rodriguez v. State*, 232 S.W.3d at 61. An affidavit is sufficient to establish probable cause if a magistrate can reasonably infer that probable cause existed. *Davis v. State*, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006). Reviewing courts will interpret the affidavit in a commonsense way and not engage in "hypertechnical" review of the affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). The proper focus of the

3

analysis is not what the affidavit implies, but rather what inferences a magistrate can reasonably make. *Id.* at 272.

## B. Analysis

Appellant contends that the affidavit did not establish probable cause for the smaller motor home due to lack of specificity with regards to the motor home and appellant. However, the proper inquiry is not how many references to the motor home and appellant are made in the affidavit; rather, the focus is on what inferences the magistrate can make. *See id.* at 271. The search warrant specifies both the "residence" and the motor home to its left. This smaller motor home is referenced in the affidavit as the location where Loving was found with methamphetamine on his person. Because of the large quantity of drugs possessed by Loving, the magistrate could have reasonably inferred that there was a "fair possibility" that there was methamphetamine inside either motor home. *See Davis*, 202 S.W.3d at 157. The fact that neither Loving nor appellant were identified as the owner of this motor home does not defeat probable cause. *See McLain*, 337 S.W.3d at 272; *Rodriguez*, 232 S.W.3d at 61; *Davis*, 202 S.W.3d at 157. We overrule Allison's sole issue.

## III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.