**Opinion issued November 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NOS. 01-24-00662-CR & 01-24-00663-CR

———————————

### DARIUS JAMAL FRAZIER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 183rd District Court
### Harris County, Texas
### Trial Court Case Nos. 1813098 & 1813099

---

## O P I N I O N

A jury found Darius Jamal Frazier guilty of aggravated robbery. On appeal, Frazier contends the trial court erred in denying his motion to suppress cell phone location information that placed him in the vicinity of the crime. Frazier argues that

the search-warrant affidavit was facially insufficient to sustain a finding of probable cause. It was not.

The affidavit showed a fair probability that the cell-site location data associated with Frazier's cell phone would further incriminate Frazier (an identified suspect in the crime at issue) by confirming that he was in the vicinity of the crime when it occurred. The affidavit contained specific facts that showed a connection between Frazier, the phone owner, and the crime.

The trial court did not err in denying Frazier's motion to suppress.

## BACKGROUND

This appeal turns on the search warrant at issue. The search-warrant affidavit was prepared by C. Pope, an investigator with the Violent Crimes Unit of the Harris County Sheriff's Office. As Pope explained, he was assigned to investigate an aggravated robbery committed during a home invasion. In his investigation, he spoke with the victims of the robbery, including Alejandra Gomes and Jeancarlo Zelaya.

The affidavit explains the following. Gomes and Zelaya told Pope they recognized one of the robbers as a person they knew as "Dre." Both were "100 percent certain" about his identity. Dre had previously helped them move into their apartment, the site of the home invasion.

Gomes had Dre's telephone number, and she gave it to Pope. Pope researched this number through a law-enforcement database that he had used in the past and found reliable. That database identified the number as belonging to Frazier. It also identified the telephone service provider as Verizon.

Pope separately presented a six-person photo array to Gomes and Zelaya. Both identified Frazier as the "Dre" who robbed them.

Given the pervasive use of cell phones in contemporary society, Pope asserted it was reasonable to infer Frazier had his cell phone on his person when he committed the robbery. He also asserted that it was fairly probable that the cell phone location data would help confirm Frazier's location before, during, and after the crime.

Pope requested a search warrant to obtain cell phone location data maintained by Verizon for two days—the data for the day before and the day of the robbery.

Based on the affidavit, a magistrate issued the search warrant Pope requested. The trial court denied Frazier's motion to suppress this data.

## DISCUSSION

On appeal, Frazier argues the trial court erred in denying his motion to suppress the cell location data. It did not.

### Constitutional Prohibitions

The United States and Texas Constitutions both prohibit unreasonable searches and seizures. U.S. CONST. amend IV; TEX. CONST. art. I, § 9. Subject to

3

certain exceptions, to undertake a search or seizure, law-enforcement authorities must obtain a warrant from a judicial officer based on a showing of probable cause. *State v. McGuire*, 689 S.W.3d 596, 602 (Tex. Crim. App. 2024). Here, the police obtained a warrant. The question at issue turns on whether that warrant was properly issued.

The parties do not contend that the United States and Texas Constitutions' prohibitions on unreasonable searches and seizures differ in a way that is material to the analysis here. And the Court of Criminal Appeals has indicated that, for these purposes, the provisions generally impose the same requirements with respect to searches of cell location data. *Holder v. State*, 595 S.W.3d 691, 701–04 (Tex. Crim. App. 2020).[1]

**Standard of Review for Motions to Suppress Involving Search Warrants**

Search warrants are issued on a showing of probable cause. *Diaz v. State*, 632 S.W.3d 889, 892 (Tex. Crim. App. 2021). An affidavit shows probable cause when the totality of the circumstances creates a fair probability that evidence of a crime will be found in the location searched. *State v. McLain*, 337 S.W.3d 268, 272 (Tex.

---

[1]  Under Texas law, search warrants are governed by statutes, including one applicable to "electronic customer data held in electronic storage." *See* TEX. CODE CRIM. PROC. art. 18B.354(a)–(b) (authorizing district judge to issue search warrant based on sworn affidavit showing probable cause that specific offense has been committed and that customer data sought is evidence of offense or that particular person committed offense). Frazier does not argue that the warrant here violated this statutory provision.

4

Crim. App. 2011); *see Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (probable cause is a relatively high level of suspicion but far less than a preponderance of evidence).

Precedent instructs that we uphold the magistrate's probable cause determination in this context so long as the magistrate had a substantial basis for concluding the affidavit showed probable cause. *McLain*, 337 S.W.3d at 271. We recognize that the magistrate may draw reasonable inferences, and we defer to all the reasonable inferences that the magistrate could have made in his review of the affidavit. *Id.* Our focus on review is not on what other facts could have been included in the affidavit, but rather on the combined logical force of the facts that are included in the affidavit. *State v. Duarte*, 389 S.W.3d 349, 354–55 (Tex. Crim. App. 2012). We must ensure the magistrate did not rubberstamp conclusory statements made by law enforcement. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007).

"Ultimately, the test is whether the affidavit, read in a commonsensical and realistic manner and afforded all reasonable inferences from the facts contained within, provided the magistrate with a 'substantial basis' for the issuance of a warrant." *McDonald v. State*, 676 S.W.3d 204, 210–12 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd) (quoting *Foreman v. State*, 613 S.W.3d 160, 164 (Tex. Crim. App. 2020)).

5

**Analysis**

**A. Law enforcement obtained a warrant for the cell-site location information at issue.**

Cellular phones (when turned on) connect to various radio antennas, known as cell sites, that form a wireless network providing the signal necessary for service. *See Carpenter v. United States*, 585 U.S. 296, 300 (2018). Cell phones usually connect to the nearest cell site because the nearest one ordinarily provides the best signal, and phones search for the best signal several times per minute. *Id.* Every time a phone connects with a cell site in this manner, a time-stamped record known as cell-site location information is generated. *Id.* at 301. This record shows where the phone was located when it connected to the network—with varying degrees of precision, depending on how many cell sites are in a given area. *Id.* Wireless service providers collect and store this location information for business purposes. *Id.*

The United States Supreme Court has held that accessing this sort of data can qualify as a search for purposes of the Fourth Amendment. *Id.* at 313, 316, 319–20. Specifically, *Carpenter* concluded that accessing seven days of cell-site location data qualified as a search, and the Government was required to obtain a warrant supported by probable cause before acquiring such records (absent exceptions). *Id.* In so reasoning, the Court stated that cell-site location information provides a window into the movements and activities of cell phone users. *See id.* And the law takes the inseparability of cell phones and their owners for granted. *See id.* at 311

(recognizing that people "compulsively carry cell phones with them all the time" such that a "cell phone faithfully follows its owner").[2]

Caselaw interpreting Article I, Section 9 of the Texas Constitution has reached a similar conclusion. *See Holder*, 595 S.W.3d at 701–04 (observing "same privacy concerns are implicated regardless of whether CSLI is accessed under the Fourth Amendment or Article I, Section 9" and holding that while Article I, Section 9 lacks implicit warrant requirement, search of 23 days of CSLI needed to "be supported by probable cause to be reasonable," absent exigency); *McDonald*, 676 S.W.3d at 209 ("Because a cell phone's geolocation data can contain 'a detailed and comprehensive record of [a] person's movements,' the police must obtain a warrant, supported by probable cause, for seven or more days of such data." (alteration in original) (quoting *Carpenter*, 585 U.S. at 309)).

In this case, the State sought and obtained a search warrant for two days of cell-site location information. The State does not argue on appeal that (due to the length of time or otherwise) it could have lawfully obtained this information without

---

[2] *Carpenter* involved a search of seven days of historical cell-site location information, and the Supreme Court left open the possibility that a less intrusive request, involving fewer days of location information, might not constitute a search for purposes of the Fourth Amendment—and thus might not require a search warrant. *See* 585 U.S. at 310 n.3 ("[W]e need not decide whether there is a limited period for which the Government may obtain an individual's historical CSLI free from Fourth Amendment scrutiny, and if so, how long that period might be. It is sufficient for our purposes today to hold that accessing seven days of CSLI constitutes a Fourth Amendment search."). That issue was not raised here.

7

a warrant or, relatedly, without a showing of probable cause to support that warrant. We therefore assume without deciding that a showing of probable cause was required in this instance. *See In re Search of Info. that is Stored at Premises Controlled by Google LLC*, 579 F. Supp. 3d 62, 74 (D.D.C. 2021) (assuming Fourth Amendment's restrictions on searches and seizures applied to data at issue; State obtained warrant for the data).

**B. The facts in the search-warrant affidavit afforded the magistrate a substantial basis to conclude that the cell-site location information would assist in connecting Frazier with the crimes at issue.**

Pope's search-warrant affidavit stated facts creating a fair probability that the cell-site location information corresponding to Frazier's phone would corroborate existing evidence that he committed the robbery at issue—that is, it would confirm that he was in the vicinity of the crime when it took place. The affidavit thus gave the magistrate a substantial basis to conclude there was probable cause for the search warrant. Again, "[p]robable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at a particular location." *State v. Baldwin*, 664 S.W.3d 122, 130 (Tex. Crim. App. 2022).

As the affidavit explained, two of the victims of the home invasion identified a man they knew as "Dre" as one of the perpetrators of the robbery. One of them had Dre's cell phone number, from which Pope was able to identify Dre as Frazier via a

police database. The same two victims confirmed that Dre and Frazier were one and the same by separately picking Frazier out of a photo array.

Armed with this evidence of Frazier's participation in the crime (and Frazier's phone number), Pope sought a search warrant for the cell-site location information for Frazier's cell phone. Pope reasoned that this location information would corroborate the evidence that Frazier was in the vicinity of the crime when it was committed, thereby helping to confirm his role in the robbery.

The facts in the search-warrant affidavit, in their totality, gave the magistrate a substantial basis to conclude that the cell-site location information would assist in connecting Frazier with the home invasion and robbery by confirming he was in the vicinity of the crime when it was committed. *See, e.g.*, *Johnson v. State*, 682 S.W.3d 638, 648–49 (Tex. App.—Tyler 2024, pet. ref'd) (probable cause supported search warrant for defendant's cell phone location data to confirm defendant was in vicinity of robbery; other facts stated in peace officer's supporting affidavit implicated defendant in the robbery); *McDonald*, 676 S.W.3d at 211–12 (probable cause supported search warrant for defendant's cell phone location data to confirm defendant was in vicinity of murder scene and place where body was discovered; other facts stated in officer's supporting affidavit implicated defendant by putting him near both locations in relevant timeframe).

*Johnson* is instructive. Like this appeal, that one arose from an aggravated robbery. 682 S.W.3d at 641. There, a peace officer requested and obtained a search warrant for the cell-site location information corresponding to the defendant's cell phone. The officer's supporting affidavit supplied a chain of facts that, when linked together, identified the defendant as a suspect. *Id.* at 644–46. The recited facts included a description of law enforcement's review of camera footage that captured the general appearance of the suspect and his car, placing him in the vicinity of the robbery. *Id.* The facts also included subsequent surveillance work that placed the suspect near the last known location of one of the items stolen in the robbery. *Id.*

There, like here, the defendant argued that these facts did not show probable cause to search the cell-site location information for his phone. *Id.* at 646. But the court of appeals disagreed. *Id.* at 646, 648–49. It reasoned that the facts stated in the affidavit offered a substantial basis to find probable cause that the cell-site location information for the defendant's phone would further implicate the defendant by showing his phone was located at or near the scene of the crime when it occurred. *Id.* at 649.

The same is true here. Pope's affidavit recited a number of facts that implicated Frazier in the robbery at issue. These facts, in total, provided the magistrate with a substantial basis to conclude that the cell-site location information corresponding to Frazier's phone would corroborate that Frazier was in the vicinity

10

when the crime was committed. That is sufficient. *See id.* at 648 (explaining that "because we live in a society in which our phones go wherever we go, facts establishing a nexus between the phone's owner and the offense may suffice in some instances" to show probable cause to search for cell-site location information).

The trial court did not err in denying Frazier's motion to suppress.

## C. No more was needed in this case.

Frazier argues that it is insufficient to show a fair probability that the location information would corroborate other facts implicating him in the robbery. Relying on *State v. Baldwin*, he maintains that the facts in the search-warrant affidavit seeking cell-site location data instead needed to establish a connection between the crime and the cell phone itself, such as its use during the crime. *See* 664 S.W.3d at 134–35 (generic statements about use of cell phones by criminals in general did not show probable cause that search of defendant's phone would reveal evidence of murder).

But *Baldwin* does not support Frazier's argument. *Baldwin* involved the search of a cell phone itself, not cell-site *location* information maintained by a wireless service provider. *Id.* And the Court of Criminal Appeals has since clarified that evidence of the use of a cell phone before, during, or after a crime is not even always required to support a warrant to search the contents of the phone. *Stocker v. State*, 693 S.W.3d 385, 387–88 (Tex. Crim. App. 2024) (*Baldwin* did not say that

use of phone in aid of perpetration of the crime is the only fact that can establish required nexus); *see also Fraser v. State*, ___ S.W.3d ___, ___, No. PD-0964-24, 2025 WL 2543457, at *11–13 (Tex. Crim. App. Sept. 3, 2025) (addressing search of electronic devices and finding insufficient nexus between items and the offense).

As explained, to obtain the warrant for cell-site location information here, it was sufficient to show a fair probability that a search of this location information would further implicate Frazier in the crime under investigation by confirming evidence that he was in the vicinity of the crime scene at issue. *See Johnson*, 682 S.W.3d at 648–49; *McDonald*, 676 S.W.3d at 211–12. This case—with its detailed, factual affidavit placing Frazier at the scene of the crime when it occurred, and its request for corroborating location data—is a far cry from one with an affidavit that rests on purely generic language. *See McDonald*, 676 S.W.3d at 210 (citing *Baldwin*, 664 S.W.3d at 126).

We overrule Frazier's sole appellate issue.

## CONCLUSION

We affirm.

Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Publish. TEX. R. APP. P. 47.2(b).