

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00268-CR
No. 07-13-00269-CR
_____

RODOLFO GONZALES, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-435,536 & 2012-435,537
Honorable Cecil Puryear, Presiding by Assignment

December 4, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following an open plea of guilty, Rudolfo Gonzales was convicted of the offense of possession of a controlled substance (cocaine) with intent to deliver, over 4 grams but less than 200 grams, enhanced by a prior felony conviction, and sentenced to fifty

years confinement in Cause No. 07-13-00268-CR (trial court cause no. 2012-435,536).[1]

At the same time, Appellant was convicted of the offense of possession of marihuana, over 4 pounds but less than 50 pounds, and sentenced to ten years confinement in Cause No. 07-13-00269-CR (trial court cause no. 2012-435,537).[2]  The trial court ordered the two sentences to be served concurrently.  By a single issue, Appellant contends the trial court erred in denying his pretrial motion to suppress because the officer's affidavit did not provide sufficient probable cause for the issuance of the search warrant that lead to the discovery of the controlled substances the subject of the respective prosecutions.  We affirm.

BACKGROUND

On July 2, 2012, Officer Brady Lewis of the Lubbock Police Department received an anonymous tip alleging that controlled substances were being trafficked from a specific residence in the city.  Based on this tip, Officer Lewis and another officer set up surveillance of the residence.  During the surveillance he observed three vehicles arrive at the residence.  Officer Lewis observed various individuals enter the residence for a short period of time and then leave.  Based on this observation and the prior tip, Officer Lewis followed an individual leaving the residence and made contact.  During a search of that individual's vehicle, a white powdery substance was discovered that field tested

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010).  The offense is a felony of the first degree.  *Id.* at § 481.112(d).  As enhanced, the offense was punishable by imprisonment for life, or for any term of not more than 99 years or less than 15 years, and by a fine not to exceed $10,000.  TEX. PENAL CODE ANN. §12.42(c)(1) (West Supp. 2014).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (West 2010).  The offense is a felony of the third degree.  *Id.* at § 481.121(b)(4).  The punishment range in this case was not enhanced.  Accordingly, the offense was punishable by imprisonment for any term of not more than 10 years or less than 2 years, and by a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.34 (West 2011).

to be cocaine.  The individual detained stated that he purchased the cocaine from a Hispanic male named "Rudy" at the residence under surveillance.

That same day, Officer Lewis presented an affidavit for a search warrant to Judge Drue Farmer of the Lubbock County Court at Law # 2.[3]  A search warrant was signed and issued and, later that same day, the search warrant was executed at the residence listed.  A search of the residence yielded evidence which Appellant sought to suppress via a pretrial motion to suppress.  In support of that motion, Appellant argued that the search was unreasonable and illegal under both the Fourth Amendment of the U.S. Constitution and Article I, Section 9 of the Texas Constitution because it was based on an affidavit that failed to give the magistrate sufficient facts to reasonable conclude the object of the search was probably located on the premises described.  The

---

[3] The probable cause affidavit provided in pertinent part as follows:

On today's date the Lubbock Police Department narcotics unit received a tip in reference to illegal narcotics trafficking from [residence address].  The caller observed approximately seventeen vehicles arrive at the location for a short period of time then leave.  Through my training and experience I know this activity is common with street level narcotics trafficking.  Investigator Williams and myself set up surveillance on the residence and observed three separate vehicles arrive at the residence.  The individuals would enter into the residence for a short period of time and then leave the residence.  I observed a Hispanic male later identified as [R.G.] arrive and park in front of the residence driving a tan Ford expedition bearing Texas registration DF6S158.  [R.G.] entered into the residence and left approximately three or four minutes later.  Through my training, experience, and our investigation I believed [R.G.] was purchasing illegal narcotics.  We were driving an unmarked vehicle and wearing plain clothes.  We were wearing our Lubbock Police Department issued tact vest which display's "Police" on the front and back of the vest.  [R.G.] continued looking in his rear view mirror and appeared to have observed us following him.  [R.G.] then leaned over in the vehicle and appeared to be hiding something around the center console area.  [R.G.] pulled into a parking lot and we made contact with him.  I observed a white powdery substance in the passenger floorboard and center console area where [R.G.] had been reaching.  We field tested the white powdery substance and it tested positive for cocaine using a field test kit.  [R.G.] advised he had purchased the cocaine from a Hispanic male named "Rudy" at [the residence.]  Through my training, experience, information received, and surveillance I believe that there are illegal narcotics and proceeds from narcotics sales inside [the residence.] The utilities at [the residence] return to Rudolfo Gonzales.  Rudolfo Gonzales has been arrested in the past for possession of marijuana three times, manufacture / delivery of a controlled substance, assault, burglary, and two thefts.

trial court denied that motion and the Appellant entered a plea of guilty without a plea recommendation. Following conviction and sentencing he brings this appeal to contest the denial of that motion.

STANDARD OF REVIEW

Due to the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search, a trial court's determination whether probable cause exists to support the issuance of a search warrant is subject to a highly deferential standard of review, constrained solely to the "four corners" of the probable cause affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). An appellate court should uphold the magistrates' probable cause determination if it finds the affidavit in support of the warrant provides the magistrate a 'substantial basis' for concluding that probable cause existed. *McLain*, 337 S.W.3d at 271.

ANALYSIS

From the four corners of the probable cause affidavit we know that (1) an anonymous informant suspected narcotics activity at the residence based on his observation of seventeen vehicles coming and then leaving the residence after a short interval of time, (2) traffic patterns similar to this are common with street level narcotics trafficking, (3) officers confirmed by observation similar traffic patterns at the residence, (4) cocaine was found in a vehicle observed at the residence, conforming to that traffic pattern, that was stopped immediately after leaving the residence, (5) the driver of that vehicle stated that he purchased the cocaine at that residence from someone named

4

"Rudy," (6) the utilities at the residence were in the name of Rudolfo Gonzales, and (7) Rudolfo Gonzales had a prior criminal history including manufacture / delivery of a controlled substance. When these facts are considered together, we believe a reasonable magistrate could conclude that there was a 'substantial basis' for believing that probable cause existed that narcotics would be found at the residence in question, at the time the warrant was issued. Accordingly, Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.