# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00489-CR

**April Faulkner, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
## NO. C-1-CR-12-219206,
## HONORABLE ELIZABETH ASHLEA EARLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court denied appellant April Faulkner's motion to suppress evidence, she was convicted of the class B misdemeanor offense of driving while intoxicated based on her negotiated plea of no contest, *see* Tex. Penal Code § 49.04 (defining DWI offense), and the trial court sentenced her in accordance with the plea agreement. On appeal, appellant challenges the trial court's denial of her motion to suppress. For the reasons that follow, we affirm.

## BACKGROUND

On November 16, 2012, appellant was arrested for driving while intoxicated. After she refused to provide a blood or breath sample, the police sought and obtained a search warrant authorizing a collection of a blood specimen from her. *See* Tex. Code Crim. Proc. art. 18.01(j) (authorizing magistrate to issue search warrant to collect blood specimen when person is arrested

for DWI and refuses breath or blood alcohol test). The police supported their request for a search warrant with an affidavit from the arresting police officer. In the affidavit, the officer averred that he observed appellant at the scene of the offense and formed the opinion that she was intoxicated based on conditions exhibited by her, including strong alcoholic beverage odor; bloodshot, watery, and glassy eyes; confused, "mush-mouthed speech"; and wobbling, swaying, and unsure balance. He further averred to the results of field sobriety tests that he administered on appellant, his experience and training in recognizing intoxicated drivers, his determination that appellant was intoxicated, appellant's pre-arrest admission that she had "two to three martinis," and her refusal to provide a breath or blood sample. The affidavit concluded with a request for the issuance of a warrant to take a sample of Faulkner's blood, which would "constitute evidence of the commission of an offense relative to the operating of a motor vehicle while intoxicated, namely Driving While Intoxicated." Finding the affidavit sufficient to establish probable cause for the issuance of a warrant for the seizure of blood from appellant, the magistrate signed a search warrant authorizing the blood draw.

Appellant moved to suppress any evidence derived from the search of her person on the ground that the officer's affidavit was defective. She did not challenge the officer's factual recitations in the affidavit but contended the affidavit was defective because it failed to assert the "specific offense" that Faulkner was suspected of committing or that "blood constitutes proof of the assumed criminal act of driving while one's blood alcohol concentration is at least .08." After the trial court denied the motion, appellant entered a plea of no contest based on a plea agreement, and

the trial court entered a judgment of conviction and sentenced her to confinement of 20 days. This appeal followed.

## STANDARD OF REVIEW

We generally review a trial court's ruling on a motion to suppress by using a bifurcated standard of review, "where we give almost total deference to the historical facts found by the trial court and review de novo the trial court's application of the law." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (citing *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)). "However, when the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit." *Id*. (citing *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004)). "Accordingly, when we review the magistrates's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Id.* (citing *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234–37 (1983))); *State v. Webre*, 347 S.W.3d 381, 384 (Tex. App.—Austin 2011, no pet.). "As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination." *McLain*, 337 S.W.3d at 271 (citing *Gates*, 462 U.S. at 236).

"Probable cause exists if, under the totality of the circumstances set forth in the affidavit before the magistrate, there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued." *State v. Jordan*, 342 S.W.3d 565,

568–69 (Tex. Crim. App. 2011); *see Gates*, 462 U.S. at 238–39. "The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners." *Jordan*, 342 S.W.3d at 568–69 (citing *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010)).

## DISCUSSION

In one issue, appellant contends that the trial court erred by refusing to grant appellant's motion to suppress evidence on the ground that the search warrant affidavit was defective "because it failed to state the 'specific offense' under article 18.01 of the Code of Criminal Procedure or that the blood constituted proof of the crime of driving while one's blood alcohol concentration is at least .08." For purposes of this appeal, article 18.01(c) requires an affidavit presented in support of a requested search warrant to contain sufficient facts showing probable cause:

> (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

Tex. Code Crim. Proc. art. 18.01(c); *see also* U.S. Const. amend. IV; *State v. Dugas*, 296 S.W.3d 112, 115 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) ("Generally, taking a blood sample is a search and seizure within the meaning of the Fourth Amendment." (citing *Schmerber v. California*, 384 U.S. 757, 767 (1966))).

Appellant's arguments focus on the phrase "specific offense" in subsection (c)(1) of article 18.01, the requirements in subsection (c)(2) that the "items" to be searched or seized

4

"constitute evidence" of the specific offense alleged and that they be "specifically described," and the definition of "intoxicated" in the Texas Penal Code. The Texas Penal Code defines "intoxicated" to mean:

> (A)    not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
>
> (B)    having an alcohol concentration of 0.08 or more.

Tex. Penal Code § 49.01(2). Based on the two different definitions of intoxicated in section 49.02, appellant contends that there are two distinct DWI offenses, that the affidavit establishes probable cause as to a loss-of-faculties DWI offense, but that blood alcohol concentration is irrelevant to that distinct offense and that, as to the DWI offense based on blood alcohol concentration, the affidavit is "wholly devoid of any cause to believe anything at all about [appellant's] blood alcohol concentration." Appellant places significance on the distinction between a blood alcohol concentration of less than .08 and an "illegal" concentration of ".08 or more," arguing that article 18.01(c) as to the DWI offense based on blood alcohol concentration "requires search warrant affidavits to state probable cause to believe the person possesses a *criminal* concentration of alcohol in her blood."

The Texas Court of Criminal Appeals, however, has concluded that the two definitions of intoxicated in section 49.01(2) "do not define separate offenses." *See Bagheri v. State*, 119 S.W.3d 755, 762–63 (Tex. Crim. App. 2003) (noting that definitions of intoxicated "set forth alternate means by which the State can *prove* intoxication, rather than alternative means of

5

*committing* the offense" and that "conduct proscribed by the Penal Code is the act of driving while in a state of intoxication"); *see also* Tex. Penal Code § 49.04(a) ("A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place."). The definitions in section 49.01(2) are "purely evidentiary matters." *See State v. Barbernell*, 257 S.W.3d 248, 256 (Tex. Crim. App. 2008) (holding that definitions of intoxicated in section 49.01(2) "were evidentiary" and did not need to be alleged in charging instrument). Thus, the affidavit was not defective by identifying "driving while intoxicated" as the "specific offense" that had been committed. *See* Tex. Code Crim. Proc. art. 18.01(c)(1); *see also Barbernell*, 257 S.W.3d at 256; *Bagheri*, 119 S.W.3d at 762–63. Further, the affidavit sought the seizure of blood from appellant, and blood is an "item" that may constitute evidence within the meaning of article 18.01(c)(2). *See* Tex. Code Crim. Proc. art. 18.02(10) (generally allowing search warrant to be issued for "items . . . constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense"); *Dugas*, 296 S.W.3d at 115 (noting that blood was "'item' of evidence within the meaning of article 18.02(10)").

Based on our review of the unchallenged facts found in the four corners of the officer's affidavit and the reasonable inferences derived from them, taken as a whole, we conclude that the facts provided a "substantial basis" by which the magistrate could have concluded that appellant had committed the offense of DWI and that there was a "fair probability" that appellant's blood—the "specifically described" item to be seized—would constitute evidence that appellant committed the offense of DWI. *See* Tex. Code Crim. Proc. art. 18.01(c)(2); *Jordan*, 342 S.W.3d at 568–69; *McLain*, 337 S.W.3d at 271. As previously stated, the police officer swore in his affidavit

6

that he formed the opinion that appellant was intoxicated based on his observations of appellant and his training and experience in recognizing intoxicated individuals. Appellant also admitted to the police that she had been drinking, and she gave indicators of intoxication in response to a horizontal gaze nystagmus test; swayed and put her foot down while performing a one-leg-stand test; and lost her balance, failed to touch heel to toe, turned improperly, stepped off line, and stopped while walking during a walk-and-turn test.

Because we conclude that the magistrate had a "substantial basis for concluding that probable cause existed" that appellant had committed the offense of DWI and that there was a "fair probability" that appellant's blood would constitute evidence that appellant had committed the offense of DWI, we conclude that the trial court did not err when it denied appellant's motion to suppress. *See* Tex. Code Crim. Proc. art. 18.01(c); *Jordan*, 342 S.W.3d at 568–69; *McLain*, 337 S.W.3d at 271.

## CONCLUSION

For these reasons, we overrule appellant's issue and affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   June 8, 2016

Do Not Publish