

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00169-CR

**BILLY JOE BOOKER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F48257

## MEMORANDUM  OPINION

The jury convicted Billy Joe Booker of the offense of driving while intoxicated 3rd offense or more, found the enhancement paragraphs to be true, and assessed punishment at 99 years confinement.  We affirm.

### Directed Verdict

In the first issue, Appellant argues that the trial court erred in denying his motion for directed verdict.  We review an issue complaining about a trial court's failure to grant

a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App.1996). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

On January 31, 2014, Nicole Stokley and Porsha Gaut observed Appellant slumped over the steering wheel of his vehicle at an intersection. Gaut got out of the vehicle and knocked on Appellant's window, and Stokley honked the horn on her vehicle. Appellant then began to drive forward, and Stokley followed behind Appellant. Appellant hit a pole and a retaining wall with his vehicle. Gaut and Stokley both observed Appellant driving the vehicle, and there were no other passengers in the vehicle. Gaut called 9-1-1, and officers from the Cleburne Police Department responded to the call.

Officer Craig Huskey initiated the traffic stop of Appellant's vehicle, and he observed damage to Appellant's vehicle. Officer Huskey testified that Appellant smelled of alcohol and had slurred speech and glassy eyes. Officer Carmack arrived at the scene and had appellant perform three field sobriety tests. Officer Carmack testified that Appellant exhibited six out of six clues for intoxication on the HGN test, five out of eight clues on the walk-and-turn-test, and three out of four clues on the one-legged stand test. Appellant told the officers that he consumed six beers and that he was intoxicated.

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. 49.04 (a) (West Supp. 2016). Intoxicated

means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body. TEX. PENAL CODE ANN. 49.01 (2) (A) (West 2011).

The jury heard evidence that Appellant was the driver of the vehicle and that he was driving in a reckless manner striking a pole and a retaining wall. Appellant smelled of alcohol, had slurred speech, and glassy eyes. Appellant failed three field sobriety tests designed to indicate the loss of a person's mental or physical faculties. We find that the evidence is sufficient to support Appellant's conviction for driving while intoxicated. We overrule the first issue.

### Search Warrant

In the second issue and third issues, Appellant argues that the trial court erred in admitting into evidence both the affidavit used to obtain the search warrant and the search warrant. Officer Carmack prepared an affidavit to obtain Appellant's blood sample. The affidavit had pre-printed boxes for the officer to check. Officer Carmack checked the box indicating that he observed Appellant driving a motor vehicle and that he initiated a traffic stop. During trial, Officer Carmack testified that the affidavit contained an error because he checked the wrong box on the affidavit. Officer Carmack clarified that he did not observe Appellant driving and that Officer Huskey initiated the traffic stop. Appellant objected to the admission of the affidavit and the search warrant into evidence. After a hearing, the trial court admitted the affidavit and search warrant, but excluded the results of the blood test.

Appellant argues that the trial court erred in admitting the affidavit because it contained false statements and also because it contained conclusory statements that lacked specificity to support the issuance of the warrant. In determining whether a trial court erred in admitting evidence, the standard for review is abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*.

The affidavit accurately described the field sobriety tests administered to Appellant and noted the areas where Appellant was unable to successfully complete the field sobriety tests. The affidavit describes in detail the reason Appellant failed each field sobriety test. On the affidavit, Officer Carmack made a notation "see back" in the pre-printed area. On the reverse side of the form, Officer Carmack gave a handwritten narrative that described the events surrounding the arrest. In the narrative, Officer Carmack notes that "officers" responded to a call of a vehicle crash and that "a traffic stop was initiated" without identifying the specific officer. The narrative gave an accurate account of the events surrounding the arrest. Officer Carmack testified at trial without objection concerning the errors on the affidavit and corrected the inaccurate information. Admitting the affidavit allowed the jurors to compare the affidavit with Officer Carmack's testimony and to judge the credibility of the officer's testimony.

We find that any error in admitting the affidavit and search warrant did not affect Appellant's substantial rights. TEX.R.APP.P. 44.2 (b). Appellant cross-examined Officer Carmack about the incorrect information in the affidavit. The affidavit provided the correct narrative on the details surrounding Appellant's arrest and gave detailed information about the field sobriety tests. The affidavit provided probable cause to issue the search warrant. *See* TEX. CODE CRIM. PROC. art. 18.01 (b) (West Supp. 2016). The jury heard evidence from other witnesses supporting the narrative contained in the affidavit. The jury heard evidence that Appellant's blood was drawn pursuant to the search warrant; however, the results from the blood test were suppressed. We overrule the second and third issues.

In the fourth issue, Appellant complains that the trial court erred in initially denying his motion to suppress the blood test results. When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex.Crim.App.2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App.2006). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App.2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of

credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App.2007). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex.Crim.App.2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App.2000).

The trial court held a hearing prior to trial on Appellant's motion to suppress. At that time, the trial court was not aware that the affidavit in support of the search warrant contained an error. Officer Carmack testified at the hearing on the motion to suppress that he observed Appellant at the scene and that appellant smelled of alcohol, had glassy, bloodshot eyes, and slurred speech. Officer Carmack stated that he administered the field sobriety tests and detailed Appellant's performance on the tests. Officer Carmack prepared the affidavit in support of the search warrant, and the affidavit further provided details of the incident and specifically stated how Appellant failed the field sobriety tests.

When the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011). The magistrate had a substantial basis for concluding that probable cause existed, and the trial court did not err in denying the motion to suppress prior to trial. We overrule the fourth issue.

**Jury Panel**

In the fifth issue, Appellant argues that the trial court erred in denying his motion to strike the jury panel. In the sixth issue, Appellant argues that the trial court erred in granting the State's motion to strike venireperson 18 for cause. During voir dire, the State asked the panel if everyone could sit in judgment of the Appellant. Venireperson 18 stated that because of her religious belief, she could not sit in judgment of another person. Appellant's counsel later questioned venireperson further, and she again stated that because of her religious belief she could not judge another person and could not reach a verdict. The State challenged venireperson 18 for cause. Appellant's counsel did not have any response or objection to the State's challenge for cause, but requested that the trial court strike the jury panel.

The record indicates that Appellant is African-American. Venireperson 18 was the only African-American in the jury panel. Appellant argues that the trial court erred in granting the challenge for cause for the only African-American member of the panel and in refusing to strike the jury panel with no remaining African-Americans on the panel.

We review a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a veniremember's demeanor and responses. *Gardner v. State*, 306 S.W.3d 274, 295-296 (Tex.Crim.App. 2009). A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Gardner v. State*, 306 S.W.3d at 296. A veniremember is challengeable for cause

if he has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely. TEX. CODE CRIM. PROC. art. 35.16(a)(9) (West 2006); *Gardner v. State*, 306 S.W.3d at 295. The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Gardner v. State*, 306 S.W.3d at 295.

Venireperson 18 stated that she could not sit in judgment of Appellant and that she could not reach a verdict. The trial court did not err in granting the State's challenge for cause of venireperson 18. Moreover, Appellant did not object to the challenge for cause, and therefore, waived the complaint for review. TEX.R.APP.P. 33.1 (a). We overrule the sixth issue.

The court shall hear and determine a challenge to the array before interrogating those summoned as to their qualifications. TEX. CODE CRIM. PROC. art. 35.06 (West 2006). Article 35.07 provides:

> Each party may challenge the array only on the ground that the officer summoning the jury has wilfully summoned jurors with a view to securing a conviction or an acquittal. All such challenges must be in writing setting forth distinctly the grounds of such challenge. When made by the defendant, it must be supported by his affidavit or the affidavit of any credible person. When such challenge is made, the judge shall hear evidence and decide without delay whether or not the challenge shall be sustained.

TEX. CODE CRIM. PROC. art. 35.07 (West 2006). Appellant did not challenge the array before voir dire began, and he did not challenge the array in writing supported by an affidavit.

Under *Batson*[1], a defendant may be entitled to "a new array" if he can demonstrate, by a preponderance of the evidence, that the prosecutor indulged in purposeful discrimination against a member of a constitutionally protected class in exercising his peremptory challenges during jury selection. *Blackman v. State*, 414 S.W.3d 757, 764 (Tex.Crim.App. 2013). Appellant has not shown that the State was discriminatory in exercising his peremptory challenges. The trial court did not err in denying Appellant's request to strike the jury panel. We overrule the fifth issue.

### Admission of Evidence

In the seventh issue, Appellant complains that the trial court erred in admitting his statement to police during the traffic stop. Appellant was convicted by the jury, but that jury was unable to reach a verdict on punishment. The trial court declared a mistrial during the punishment phase, and a new jury was empaneled approximately eighteen months later to determine punishment. During the second hearing on punishment, Officer Husky testified that Appellant told him he was not driving the vehicle at the time of the crash because he was under the influence.

During cross-examination, Officer Huskey stated that there was no recording of the traffic stop available. Officer Huskey further stated that because of the age of the case, he was unsure and unable to recall why there was no video available of the traffic stop. Appellant requested the trial court to strike the testimony of Officer Huskey concerning

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986).

any statements made by Appellant and instruct the jury to disregard those statements. Appellant argues on appeal that the trial court erred in admitting the testimony concerning Appellant's statements because the State suppressed the videos of the conversation between him and the police officers.

In determining whether a trial court erred in admitting evidence, the standard for review is abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*.

Appellant requested that the trial court strike the testimony of Officer Husky, but did not request that the trial court hold a hearing to determine whether there had been a spoliation of the evidence or whether there had been an intentional, or negligent, withholding of evidence, or a destruction of the evidence that is favorable to the defense. *Jackson v. State*, 495 S.W.3d 398, 419 (Tex.App.-Houston [14th Dist.] 2016, pet. ref'd). Appellant did not preserve his complaint for review. *Id*. Moreover, Appellant did not show that (1) any video of the traffic stop existed; (2) the State in fact destroyed or withheld any videos of the traffic stop; (3) the videos contained "material exculpatory evidence"; or (4) if they were not material, that they were destroyed in bad faith. *See Jackson v. State*, 495 S.W.3d at 419. We overrule the seventh issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 15, 2017
Do not publish
[CR PM]

