

# NUMBER 13-17-00491-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JONATHAN DAVID LEWIS,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 130th District Court
## of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Jonathan David Lewis appeals his conviction for possession of child pornography, a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26 (West, Westlaw through 2017 1st C.S.). A jury found appellant guilty, and the trial court assessed punishment of eight years' imprisonment in the Texas Department of Criminal Justice–Institutional Division and a $10,000 fine. By two issues, which we have reordered,

appellant argues that: (1) the evidence supporting his conviction is legally insufficient; and (2) the trial court erred in denying appellant's motion to suppress evidence obtained pursuant to a search warrant. We affirm.

## I. BACKGROUND

### A. Suppression Hearing

#### 1. Testimony

Appellant filed a motion to suppress evidence obtained pursuant to a search warrant, arguing that the supporting affidavit did not establish probable cause. Lee Erickson, a special agent with the Department of Homeland Security, testified at the suppression hearing. Agent Erickson is assigned to child exploitation investigations and his agency is affiliated with the Houston Metropolitan Internet Crimes Against Children (HMICAC) task force. Using specialized software, Agent Erickson monitors files being shared by individuals using peer-to-peer (PTP) networks. PTP networks connect computers using the same PTP software and allow the computers to share files, pictures, videos, games, and programs.

#### 2. Search Warrant Affidavit

The trial court admitted Agent Erickson's search warrant affidavit into evidence. According to the affidavit, PTP networks are "one of the most pervasive distribution methods of child pornography[.]" An individual user receives files on a PTP network through an Internet Protocol (IP) address. An IP address is a unique identifier for a computer accessing the internet. Using a file's "hash" digital signature, Agent Erickson is able to identify known child pornography files, which are tracked by the National Center

2

for Missing and Exploited Children (NCMEC).

While conducting a PTP child pornography inquiry, Agent Erickson identified an IP address sharing at least three known child pornography files. The title for these files contained common child pornography search terms or "tags." Through an administrative subpoena, Agent Erickson obtained subscriber information from the internet service provider controlling the IP address. The provider identified the IP address as being assigned to an address in Bay City, Texas, where appellant resided. Agent Erickson shared the IP address with Jonathan Cox, an officer with the Pearland Police Department. Using this information, Officer Cox identified four child pornography videos in the PTP share folder by referencing the files' hash signature. Officer Cox provided Agent Erickson with a compact disc containing the video files. Agent Erickson viewed the videos and determined that they depicted minors engaging in sexual conduct.

Next, Agent Erickson visually inspected appellant's residence. He noted multiple secured wireless network systems in the front and rear of the home. He discovered a pickup truck parked outside and confirmed that it was registered to appellant. Agent Erickson and another agent knocked on the front door of the home and spoke to appellant. As a ruse, Agent Erickson told appellant they were conducting an immigration investigation and showed appellant a picture of an individual they were looking for. Appellant told Agent Erickson that he resided in the home with his wife and daughter. In his affidavit, Agent Erickson requested that a warrant be issued to seize various electronic devices from appellant's residence that might contain child pornography.

3

### 3. Trial Court's Ruling

The trial court denied appellant's motion to suppress, and the case proceeded to trial.

### B. Trial

At trial, Agent Erickson testified concerning his investigation and efforts to secure a search warrant.[1] After the search warrant was issued, Agent Erickson executed the warrant with federal and state law enforcement officials. Agent Erickson located appellant in the rear of the house and informed appellant why he was there. Officers performed a security sweep of the house, while the forensic team began locating computers and other electronic devices. Officer Cox, who was part of the forensic team, used specialized software to determine the contents of the electronic devices. A Dell laptop, which appellant confirmed to be his personal laptop, was in the living room. Officer Cox examined its contents and identified multiple child pornography files.

Officer Cox testified that he has received training in using forensic software. The software enables him to perform on-site previews to determine the contents of an electronic device. This allows Officer Cox to identify electronic devices containing contraband. After a suspect device is seized, Officer Cox conducts an in-depth forensic analysis of the devices.

Officer Cox seized several devices from appellant's residence, including the Dell laptop, two hard drives, an iPhone, and two video recorders. Officer Cox discovered multiple child pornography files on the Dell laptop as well as various search terms

---

[1] Agent Erickson's testimony in this regard is largely duplicative of his affidavit testimony, which we detail above. We do not include Agent Erickson's trial testimony on this topic to avoid redundancy.

commonly used to find child pornography. The search terms included variations of "PTHC," an acronym for preteen hardcore; pedo, which is short for pedophile or pedophilia; and Lolita, which means "a precociously seductive girl." *Lolita*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/Lolita (last visited September 17, 2018).

The trial court admitted multiple exhibits containing Officer Cox's forensic analysis. The exhibits identified search terms, search results, and file names found on the seized devices. The trial court also admitted five video files that were found on the laptop. The videos were published to the jury, and each depicted a child under the age of eighteen engaging in sexual intercourse. Two videos were located in the recycle bin of the laptop. The others were located under "Saved Games" in a folder titled "Y-O." The trial court admitted two additional exhibits, described as a "data dump" from the seized hard drives. The exhibits showed various files downloaded from PTP software and the files' location on the hard drive. Officer Cox identified the files as child pornography.

Dewayne Lewis, a special agent with Homeland Security, testified that he interviewed appellant in front of the residence. He read appellant his *Miranda* rights, and appellant agreed to speak to him. According to Agent Lewis, appellant was well versed in concepts such as IP addresses, file sharing, and PTP networks. Appellant admitted that he used PTP networks to access adult pornography. Appellant claimed that some child pornography may have shown up as a search result, but he denied intentionally downloading the files. Appellant told Agent Lewis that he used search terms such as young, Tiny Tasha, and Lola. Appellant stated that if he recognized a file as child

5

pornography, he would delete it. Appellant verified that the Dell laptop located in the living room was his computer. Agent Lewis showed appellant multiple images taken from videos found on the laptop, and appellant claimed to recognize at least two of them. Appellant then acknowledged that there was likely child pornography on his laptop. He told Agent Lewis that he viewed certain child pornography videos all the way through before deleting them.

In a later interview at the jail, appellant told Agent Lewis that he recognized other search terms commonly used to download child pornography. Appellant stated that he watched the videos before deleting them due to his morbid curiosity.

Jennifer Lewis, appellant's ex-wife, recalled receiving a call from a Homeland Security agent while at work. Jennifer went home where she saw officers looking at the computers in the house. Jennifer initially bought the Dell laptop for office use, but she later gave it to appellant. Jennifer stated that appellant removed the spare hard drives from junk computers.

Appellant testified that he discovered something on his computer last year that should not have been there. A program on his laptop was frozen, and when he exited the program, he saw a file sharing program displaying titles of videos. According to appellant, he opened the downloaded files to confirm they were as the titles described. After doing so, he claimed he deleted the files. Appellant described various acts of sexual conduct involving minors that were depicted in the videos. Appellant testified that he lied to Agent Lewis when he said he used certain search terms. Appellant denied downloading the files, speculating that someone else, possibly his neighbor, had used his

6

computer to do so. Appellant claimed that he had never used the spare hard drives that contained child pornography.

Officer Cox testified in rebuttal that a picture of appellant's daughter was saved to one of the spare hard drives alongside child pornography files.

The jury returned a guilty verdict. This appeal followed.

## II. LEGAL SUFFICIENCY

By his first issue, appellant argues the evidence supporting his conviction was legally insufficient.

### A. Standard of Review and Applicable Law

The standard for determining whether the evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989).

The legal sufficiency standard of review is the same for both direct and

7

circumstantial evidence.   *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt.   *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).   Rather, we consider whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence. *Hooper*, 214 S.W.3d at 13.

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.   *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).   Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.   *Id*.

Under a hypothetically correct jury charge in this case, the State was required to prove that (1) appellant (2) knowingly or intentionally (3) possessed (4) visual material that visually depicts a child younger than eighteen years of age at the time the image of the child was made (5) who is engaging in sexual conduct, and (6) appellant knew that the material depicts a child younger than eighteen engaging in sexual conduct.   *See* TEX. PENAL CODE ANN. § 43.26(a).[2]

---

[2] "Sexual conduct" includes "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola."   TEX. PENAL CODE ANN. § 43.25(a)(2) (West, Westlaw through 2017 1st C.S.); *see id*. § 43.26(b)(2) (West, Westlaw through 2017 1st C.S.). "Visual material" means either (a) any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide, or (b) any disk, diskette, or other physical medium that allows an image to be displayed on a computer or

8

Appellant's sufficiency argument is limited to whether he possessed the requisite mental state. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id*. § 6.03(a) (West, Westlaw through 2017 1st C.S.). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id*. The Texas Penal Code defines "possession" of contraband as "actual care, custody, control, or management." *Id*. § 1.07(a)(39) (West, Westlaw through 2017 1st C.S.).

**B.    Analysis**

Appellant contends that though there was evidence of deleted child pornography files, there was no evidence that he had the ability to access the deleted files. Therefore, according to appellant, he did not intentionally or knowingly possess child pornography. Appellant's argument misrepresents the evidence before the jury and is contrary to controlling precedent.

In *Wise*, the Texas Court of Criminal Appeals noted the "peculiarities of determining knowing or intentional possession of computer pornography." 364 S.W.3d at 904. The Court concluded that "each case must be analyzed on its own facts." *Id*. at 905. Thus, the Court held that in computer-pornography cases, "like all criminal cases,

---

other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method. *Id*. § 43.26(b)(3).

a court must assess whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence considered in the light most favorable to the verdict." *Id*. Sufficient evidence to support a jury's determination that the defendant intentionally or knowingly possessed images of child pornography on his computer may include evidence that: (1) the images of child pornography were found in different computer files, showing the images were copied or moved; (2) the images of child pornography were found on an external hard drive or CD, which indicates the images were deliberately saved on the external devices; (3) the images stored on the computer and the external hard drive were stored in similarly named folders; (4) the names of the folders containing the images of child pornography necessarily were assigned by the person saving the file; or (5) the defendant's computer contained numerous images of child pornography. *Ballard v. State*, 537 S.W.3d 517, 523 (Tex. App.—Houston [1st Dist.] 2017, pet. struck) (citing *Krause v. State*, 243 S.W.3d 95, 110–12 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)).

Here, contrary to appellant's assertion, there were multiple undeleted videos found on appellant's laptop and hard drives. A forensic examination of the seized devices revealed several videos depicting children engaging in sexual conduct. Only two of the videos were found in the laptop's recycle bin. The others were stored under "Saved Games" in a folder titled "Y-O." There were also commonly used child pornography search terms stored on the laptop's PTP software. The search results for the PTP software contained explicit titles relating to child pornography. The evidence established that appellant was the primary user of the laptop. Appellant admitted to viewing multiple

10

child pornography videos, although he claimed to have deleted them. The fact that other child pornography videos remained in a specific folder on the laptop supports an inference that appellant knowingly and intentionally possessed child pornography. *See Ballard*, 537 S.W.3d at 524; *Krause*, 243 S.W.3d at 111–12. Further, the presence of common child pornography search queries found on the laptop is circumstantial evidence that appellant acted knowingly and intentionally. *See Ballard*, 537 S.W.3d at 524; *Krause*, 243 S.W.3d at 111–12.

Agents also discovered child pornography on the disconnected hard drives. This evidence supports an inference that appellant acted knowingly and intentionally in deliberately saving the illicit files to the external devices. *See Ballard*, 537 S.W.3d at 524; *Krause*, 243 S.W.3d at 112.

Appellant suggested through his testimony that the child pornography files could have been placed on his laptop by another person. However, the State need not disprove all reasonable alternative hypotheses that are inconsistent with appellant's guilt. *See Wise*, 364 S.W.3d at 903. Further, appellant's explanation fails to account for the child pornography found on the disconnected hard drives. The jury reasonably could have rejected appellant's alternative hypothesis. *See Wise*, 364 S.W.3d at 906–08; *Ballard*, 537 S.W.3d at 524.

Viewing the totality of the evidence and inferences in a light most favorable to the verdict, we conclude that the jury could have reasonably found beyond a reasonable doubt that appellant knowingly and intentionally possessed the child pornography found on the digital devices in his home. *See Wise*, 364 S.W.3d at 906–08; *Ballard*, 537

11

S.W.3d at 524; *Krause*, 243.   We overrule appellant's first issue.

### III.   SEARCH WARRANT AFFIDAVIT

By his second issue, appellant argues the trial court abused its discretion in denying his motion to suppress evidence obtained pursuant to the search warrant.

### A.   Standard of Review and Applicable Law

An appellate court normally reviews a trial court's ruling on a motion to suppress by using a bifurcated standard of review, giving almost total deference to the historical facts found by the trial court and reviewing de novo the trial court's application of the law. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).   However, when assessing the sufficiency of an affidavit for a search warrant, the reviewing court is limited to the four corners of the affidavit.   *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).   Accordingly, when we review the magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234–37 (1983)).   We must interpret the affidavit in a common sense and realistic manner, recognizing that the magistrate was permitted to draw reasonable inferences.   *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006).

A search warrant may not legally issue unless it is based on probable cause.   U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06 (West, Westlaw through 2017 1st C.S.).   To obtain a warrant, law enforcement must present to a magistrate a sworn affidavit setting forth sufficient facts to establish probable cause that

12

a specific offense has been committed, among other requirements. TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (West, Westlaw through 2017 1st C.S.). Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location, and the facts stated in a search warrant affidavit are "so closely related to the time of the issuance of the warrant that a finding of probable cause is justified." *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). "The focus is not on what other facts could or should have been included in the affidavit; the focus is on the combined logical force of facts that are in the affidavit." *State v. Duarte*, 389 S.W.3d 349, 354–55 (Tex. Crim. App. 2012). As long as the issuing magistrate had a substantial basis for concluding that probable cause existed, we will uphold that magistrate's probable cause determination. *McLain*, 337 S.W.3d at 271.

**B.    Analysis**

Appellant generally argues that Agent Erickson's affidavit did not establish probable cause that child pornography would be found at his residence. In his affidavit, Agent Erickson details how he identified a particular IP address sharing known child pornography files. Agent Erickson learned from the internet service provider controlling the IP address that the address was tied to appellant's residence. Agent Erickson viewed video files shared by the IP address and confirmed that they were child pornography. He then visited the residence and discovered that it had a secured wireless network. A vehicle parked at the home was registered to appellant. Agent Erickson also talked to appellant and confirmed that he resided at the home with his wife and daughter.

13

We conclude that the facts and circumstances submitted to the magistrate within the "four corners" of the affidavit provide a substantial basis for the magistrate's conclusion that child pornography would probably be found at appellant's residence at the time the warrant was issued. Thus, the affidavit was sufficient to establish probable cause. *See id.* at 272. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of October, 2018.

14