In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00087-CR**
_____


**JAKE LEE KELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-07-08954-CR**
_____

**MEMORANDUM OPINION**

Appellant Jake Lee Kelly appeals his conviction for felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b)(2). In two issues, Kelly contends that the trial court erred in denying his motion to suppress the forensic analysis of his blood specimen because the search warrant pursuant to which the State collected the specimen did not authorize the State to analyze his blood contents

and because the search warrant expired before the analysis was performed. We affirm the trial court's order denying Kelly's motion to suppress.

PERTINENT BACKGROUND

On July 9, 2018, Trooper Nicolas Garcia executed an Affidavit for Search Warrant and Magistration, in which he averred that he conducted a traffic stop after observing Kelly's vehicle "drive over the fog line to his right and then jerked the wheel back to the left, and then continue to weave within his lane and over correct[.]" Garcia also stated that he observed that Kelly's middle brake light was out. Garcia averred that Kelly violated the Transportation Code by failing to maintain a single lane and by having defective equipment. Garcia explained that a bartender called the Montgomery County Sheriff's Office after Kelly left the establishment because she did not feel comfortable with Kelly driving after she had to cut Kelly off "due to concerns he was intoxicated."

Upon encountering Kelly, Garcia observed that Kelly had a strong odor of alcohol, slurred and confused speech, glassy and bloodshot eyes, and that Kelly was sleepy, swaying, and hesitant. Garcia averred that Kelly admitted to drinking alcohol but refused to perform field sobriety tests and submit to a blood test. Garcia administered the horizontal gaze nystagmus (HGN) test and observed at least six clues. Based on Garcia's affidavit, a magistrate found there was probable cause to issue a search warrant for a sample of Kelly's blood.

2

The Search Warrant and Order of Assistance commanded any law enforcement officer to transport Kelly to "a physician, registered nurse, qualified technician, phlebotomist, or medical laboratory technician skilled in the taking of blood from the human body," and to have said person take samples of Kelly's blood and deliver said samples to the law enforcement officer. The search warrant issued July 9, 2018, and stated that "[h]erein fail not, but have you then and there this warrant within three days, exclusive of the day of its issuance, with your return thereon, showing how you have executed the same." Kelly's blood sample was obtained on July 9, 2018, and on July 17, 2018, the sample was delivered to the Texas Department of Public Safety (DPS). On August 3, 2018, DPS's Crime Laboratory issued an Alcohol Content Laboratory Report indicating that an analysis of Kelly's blood was performed, which showed Kelly's blood alcohol level to be 0.170 grams of alcohol per 100 milliliters of blood.

In October 2018, a grand jury indicted Kelly for driving while intoxicated (DWI), a third-degree felony. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b)(2). In March 2020, Kelly filed Defendant's Motion to Suppress Blood Test Evidence seeking to suppress the analysis of his blood because the blood analysis was made without a warrant. Kelly argued that the analysis of his blood constituted a search exceeding the authority granted by the warrant in violation of his rights against unreasonable searches under the United States and Texas Constitutions. *See* U.S.

3

CONST. amend. IV; Tex. Const. art. I, § 9. Kelly also argued that even if the warrant implicitly authorized the analysis of his blood, the analysis was not performed until after the warrant's statutory expiration date had passed. *See* Tex. Code Crim. Proc. Ann. art. 18.07(a).

The trial court conducted a hearing on Kelly's motion to suppress. Relying on *State v. Martinez*, 570 S.W.3d 278 (Tex. Crim. App. 2019), defense counsel argued that the State's blood alcohol analysis is a separate search discrete from the State's drawing of blood, and the subsequent search of the blood contents requires a warrant or it violates the Fourth Amendment. According to defense counsel, the subsequent analysis of Kelly's blood was outside the scope of the warrant, and if the warrant did allow the blood analysis, the warrant was stale because the analysis of Kelly's blood did not occur within three days of the issuance of the warrant. The State argued that there is no subjective expectation of privacy for blood that is secured via a lawful search warrant as it pertains to the immediate test for forensic alcohol analysis thereafter. The State further argued that the *Martinez* case is distinguishable because in *Martinez*, the blood was drawn by a hospital for medical purposes and was not acquired via a lawful search warrant. According to the State, the warrant states that it exists for all purposes affixed, and Garcia's accompanying affidavit states that the blood is to be acquired for forensic alcohol analysis, and the evidence shows that the sample of Kelly's blood was taken within three days.

4

The trial court denied Kelly's motion to suppress and found that there was not a privacy interest in the blood after it was drawn pursuant to the search warrant, the staleness issue did not apply because the search warrant was complete once the blood was seized from Kelly at the hospital, and that *Martinez* was distinguishable because it involved a private medical blood draw and not a law enforcement probable cause blood draw. After the trial court denied Kelly's motion to suppress, Kelly pleaded guilty to felony DWI, and the trial court assessed punishment at two years of confinement.

## ANALYSIS

In issue one, Kelly contends that the trial court erred in denying his motion to suppress the results of the blood test analysis. Kelly argues that the blood test results should have been excluded from evidence because the search warrant only authorized the blood draw and not the forensic analysis of his blood. According to Kelly, the admission of the blood test results into evidence violated his reasonable expectation of privacy in the contents of his blood, and Kelly asserts that the testing violated the particularity requirements of the Fourth Amendment.

Generally, we review a trial court's ruling on a motion to suppress using a bifurcated standard. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). We give almost total deference to a trial judge's determination of historical facts and mixed questions of law and fact that rely on credibility determinations if they are

5

supported by the record, but we review *de novo* questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In ruling on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or disbelieve any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must uphold the trial court's ruling on a motion to suppress if the "ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003). If the trial court does not enter findings of fact, we must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling if those findings are supported by the record. *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006).

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend. IV; *see also* Tex. Const. art. I, § 9. A compulsory administration of a blood test conducted for law enforcement purposes constitutes a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767-68 (1966); *State v. Johnston*, 336 S.W.3d 649, 657-58 (Tex. Crim. App. 2011). "[W]hen the State itself extracts blood from a DWI suspect, and when it is

6

the State that conducts the subsequent blood alcohol analysis, two discrete 'searches' have occurred for Fourth Amendment purposes." *State v. Huse*, 491 S.W.3d 833, 840 (Tex. Crim. App. 2016) (citation omitted); *see also Martinez*, 570 S.W.3d at 290. However,

> [a] neutral magistrate who has approved a search warrant for the extraction of a blood sample, based upon a showing of probable cause to believe that a suspect has committed the offense of driving while intoxicated, has necessarily also made a finding of probable cause that justifies chemical testing of that same blood.

*Crider v. State*, 607 S.W.3d 305, 307 (Tex. Crim. App. 2020). "[T]he Fourth Amendment does not require the State to obtain a second warrant to test a blood sample that was seized based on probable cause that a person was driving while intoxicated." *Jacobson v. State*, 603 S.W.3d 485, 491 (Tex. App.—Fort Worth 2020, pet. ref'd); *see also Ramirez v. State*, 611 S.W.3d 645, 649-50 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

Here, the State collected Kelly's blood sample following his arrest based on probable cause that he was driving under the influence of alcohol. The magistrate's determination that probable cause existed to justify the seizure of Kelly's blood, without expressly providing for the eventual forensic analysis of the specimen, was sufficient to justify the chemical testing of the blood seized. *See Crider*, 607 S.W.3d at 307. We conclude that the trial court did not err when it denied Kelly's motion to

7

suppress the results of the blood test analysis because the search warrant failed to expressly provide for the analysis of Kelly's blood specimen. We overrule issue one.

In issue two, Kelly argues that even if the search warrant authorized the analysis of his blood specimen, that authority expired before the analysis was performed. According to Kelly, the trial court should have suppressed the results of the blood test analysis because the analysis was not performed within the three-day deadline provided for in the warrant. Kelly cites to the Code of Criminal Procedure to support his argument. *See* Tex. Code Crim. Proc. Ann. arts. 18.06(a), 18.07(a). The three-day requirement for the execution of a search warrant under chapter 18 of the Code of Criminal Procedure sets the limit for the actual search and seizure of the evidence by a peace officer and not the timing for any subsequent forensic analysis that may be conducted on the seized evidence. *See Schneider v. State*, 623 S.W.3d 38, 43 (Tex. App.—Austin 2021, pet. ref'd); *Ramirez*, 611 S.W.3d at 651-52. Here, the evidence shows that the search warrant and blood sample were both obtained within the three-day requirement, and we conclude that the forensic analysis, which occurred more than three days after the warrant was issued, did not render the results of the blood test analysis inadmissible. *See Schneider*, 623 S.W.3d at 43-44; *Ramirez*, 611 S.W.3d at 651-52. We overrule issue two. Having overruled both of Kelly's issues, we affirm the trial court's order denying Kelly's motion to suppress.

8

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 10, 2021
Opinion Delivered September 29, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.