

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00289-CR

Jose **LOZANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CR-7016
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
H. Todd McCray, Justice

Delivered and Filed: April 16, 2025

AFFIRMED

Jose Lozano appeals his conviction for theft in the amount of $300,000 or more. Lozano argues the search warrant for his residence was invalid and the trial court erred in denying his motion to suppress. We affirm the trial court's judgment.

### BACKGROUND

On December 4, 2020, Terry Kirkbridge and Rachel Grant were in the process of moving from California to Florida with all their belongings. They were towing a large box Penske trailer

behind their pickup truck. They spent the night at a hotel in San Antonio, Texas. When Kirkbridge went outside early the next morning, the trailer was gone. Kirkbridge placed the value of the stolen personal property at $312,000. Based on a tip, officers located the trailer that night with a few of the stolen items inside. They took photographs and fingerprints inside and outside the trailer. The fingerprints taken from the trailer's door matched Lozano's prints.

Detectives, accompanied by two deputies, visited Lozano's house to conduct a "knock and talk" as part of their investigation. While the detectives were at the front door, the deputies walked around to the back of the house for safety purposes. In the partially fenced backyard, the deputies observed personal property "in plain view" matching the description of the stolen property. Based in part on the deputies' observations in the backyard, a search warrant was issued for the home. Upon execution of the warrant, officers recovered the bulk of the stolen property from Lozano's residence. Lozano was indicted for theft of personal property valued at $300,000 or more. *See* Tex. Penal Code § 31.03. Lozano pled not guilty and proceeded to a jury trial.

Before trial, Lozano filed a motion to suppress the fruits of the search and any related testimony. Lozano alleged, in relevant part, that the affidavit used to obtain the search warrant was based on an illegal search of his backyard. After a non-evidentiary hearing, the trial court denied the motion to suppress. The jury found Lozano guilty of theft, $300,000 or more, as charged in the indictment. The trial court sentenced Lozano to six years' imprisonment. Lozano appealed.

## ANALYSIS

On appeal, Lozano argues the trial court erred in denying his motion to suppress challenging the validity of the search warrant. He asserts his conviction should be reversed because (1) the supporting affidavit for the warrant is not in the record, (2) the officer who signed the

affidavit was "inadequate," and (3) the affidavit failed to establish probable cause when viewed in light of subsequent trial testimony.

We review a trial court's ruling on a motion to suppress for abuse of discretion using a bifurcated standard of review. *Igboji v. State*, 666 S.W.3d 607, 612 (Tex. Crim. App. 2023); *Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App. 2021). In conducting our review, we afford almost total deference to the trial court's determination of historical facts and credibility but review *de novo* the legal significance of those facts. *Igboji*, 666 S.W.3d at 612; *Auld v. State*, 673 S.W.3d 267, 271 (Tex. App.—San Antonio 2023, pet. ref'd). When a trial court does not make explicit findings of fact, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *Igboji*, 666 S.W.3d at 612. Our review is generally limited to the record at the time of the suppression hearing. *Id*.

To be valid, a search warrant must be supported by an affidavit that states substantial facts establishing probable cause. TEX. CODE CRIM. PROC. arts. 1.06, 18.01(b); U.S. Const. amend. IV; Tex. Const. art. I, § 9. "Probable cause exists if there is a fair probability that evidence of a crime will be found at a specific location." *Diaz v. State*, 632 S.W.3d 889, 892 (Tex. Crim. App. 2021). "In determining whether probable cause exists to support the issuance of a search warrant, the magistrate to whom the probable cause affidavit is presented is confined to considering the four corners of the search warrant affidavit, as well as to logical inferences the magistrate might draw based on the facts contained in the affidavit." *Hyland v. State*, 574 S.W.3d 904, 910-11 (Tex. Crim. App. 2019).

A trial court reviewing a magistrate's finding of probable cause to issue a search warrant is similarly limited to examining only the four corners of the supporting affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Whether an affidavit contained sufficient facts for

a neutral and detached magistrate to conclude there was probable cause is a legal question. *Id*. (trial court makes no credibility determinations in reviewing probable cause affidavit). The reviewing court applies a presumption of validity to the magistrate's finding of probable cause and views its decision to issue the warrant with great deference. *Hyland*, 574 S.W.3d at 911 (decision to issue warrant will be upheld so long as magistrate had a substantial basis for probable cause finding).

On appeal from a trial court's ruling on the sufficiency of a search warrant affidavit, an appellate court conducts its own *de novo* review based on the four corners of the affidavit. *McLain*, 337 S.W.3d at 271; *Ozuna v. State*, 88 S.W.3d 307, 310 (Tex. App.—San Antonio 2002, pet. ref'd) (appellate court considers only the contents of the affidavit and does not consider any testimony presented at a suppression hearing). As long as the magistrate had a substantial basis for concluding that probable cause existed based on the affidavit, we will uphold the validity of the search warrant. *McLain*, 337 S.W.3d at 271.

Here, we are unable to conduct a *de novo* review of the sufficiency of the affidavit because, as Lozano notes, it is not in the appellate record. During trial, the court conducted a hearing outside the jury's presence on the sufficiency of the affidavit to establish probable cause. It is clear from the transcript that the trial court and both attorneys had a copy of the affidavit, as the trial court worked through it aloud, paragraph by paragraph, to clarify which parts Lozano was challenging. After hearing arguments, the trial court ruled that, even disregarding the challenged portions concerning the backyard "plain view" search, the remainder of the affidavit was sufficient to establish probable cause for the search warrant. In making its ruling, the trial court recited the excised statements concerning the items observed in the backyard on the record and stressed it was not considering them in determining probable cause. The trial court did not read aloud the

remaining paragraphs of the affidavit it found sufficient to establish probable cause. Counsel for Lozano did not move to admit the affidavit for purposes of the suppression hearing or appeal.[1]

An appellant has the burden to ensure the record on appeal is sufficient to enable the appellate court to resolve the issues raised. *London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016) (failure to provide a sufficient appellate record precludes appellate review of a claim). When a defendant moves to suppress evidence obtained pursuant to a search warrant, he bears the burden of proof to show the invalidity of the warrant. *Russell v. State*, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986). Because the search warrant affidavit is not contained in the record before us, we are unable to conduct our own "four corners" review of the affidavit's sufficiency, including the affiant's "adequacy," to establish probable cause. *See McLain*, 337 S.W.3d at 271. Lozano has failed to preserve his first two issues for review.

In his third issue, Lozano argues that subsequent trial testimony rendered the affidavit insufficient for probable cause. Lozano re-urged his motion to suppress after Detective Patrick Nocker testified the officer who signed the affidavit was not present at the "knock and talk" visit to Lozano's home. Lozano argued the affiant's lack of direct personal knowledge of the "knock and talk" observations was a fatal defect in the affidavit. The trial court declined to change its prior ruling. As noted *supra*, our review of the affidavit's sufficiency is constrained to the four corners of the affidavit, which is not in the record. Further, the trial court's ruling finding the affidavit sufficient to support the search warrant excluded any consideration of the paragraphs detailing observations made during the "knock and talk." We have no way of assessing the content of the rest of the affidavit. Accordingly, Lozano has also failed to preserve his third issue for review.

---

[1] When Lozano later re-urged his motion to suppress, defense counsel referred to the affidavit as "Defendant's Exhibit #3" but did not seek to make it part of the record. The search warrant was admitted as a State's exhibit but does not contain the affidavit.

Based on the foregoing reasons, we affirm the trial court's judgment.

H. Todd McCray, Justice